## SUCCESSION OF PHILBRICK.

Under Article 1057 of the Code of Practice, the Judge is authorized to order the execution against an administrator, personally, who makes a vague and insufficient answer to a rule, under Articles 1088, 1056, C. P., taken by creditors whose claims have been fixed by a final judgment upon the administrator's account.

APPEAL from the Second District Court of New Orleans, *Reynolds*, acting J. *R. K. Cutler*, for plaintiff. *Thos. S. McCay*, for defendant and appellant.

ILSLEY, J. The question involved in this case can be gathered from the reasons assigned by the Court below for the judgment rendered by it. The facts are correctly stated :

"Nelson having been credited with $843 23 on the account herein presented, on the 25th February, 1861, and now homologated as far as not opposed, takes this rule to coerce payment to him by the administrator of said amount."

"It is established that by agreement with Nelson entered, the administrator is to retain out of the said sum, the sum of $450, to meet the judgment to be rendered in the case bearing No. 16,652 of this Court docket, were said judgment adverse to Nelson."

"It is also established that the administrator is to retain $143 23 to meet

the proportion which Nelson would have to contribute, were the opposition of the heirs maintained."

By agreement the administrator is to retain a small amount to meet Nelson's contribution, were the other oppositions maintained, such contribution being, by consent, fixed at five dollars.

The various amounts to be thus retained, forming the total sum of $598 23.

Nelson is, therefore, entitled to the difference, say, two hundred and forty-five dollars.

The rule is, therefore, made absolute (and in other respects dismissed), so far as to entitle W. H. Nelson to a writ of fi. fa. against W. G. Mullen, individually, for the sum of two hundred and forty-five dollars, with costs of rule.

To the rule taken by Nelson, Mullen, the curator, filed an answer, setting up various grounds why the rule should not be made absolute, and the claim of the plaintiff in the rule Nelson reduced to eleven dollars and twenty-five cents ; but it is needless to refer to this defence, as it is not sustained by any evidence in the record.

In this Court Nelson has prayed for an amendment of the judgment, by allowing him and ordering a writ of fieri facias to issue in his name against W. G. Mullen for the sum of eight hundred and forty-three dollars and twenty-three cents, with legal interest from the 25th of Feb. 1861.

We cannot change the judgment of the Court below ; for, on the one hand, Mullen, the curator of the estate of Philbrick, is a mere stakeholder, and has shown no reason why his appeal should be maintained and the judgment reversed ; and on the other hand, Nelson is bound by his agreement on record, as there is nothing to prove any change yet, to justify any interference of the Court.

The reservation of the amounts deducted from his claim of $843 23, protects him, should he eventually establish a solid claim to them ; but for the amount presently due to him, the Court did not err in awarding him an execution directly against the individual property of the curator. See Article, 993 and 1057, C. P., and see also the remedy against curator, *Stevens* v. *Stevens*, Admr., 13 A. p. 416.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, and that W. G. Mullen (curator of the succession of S. W. Philbrick) individually pay the costs of the present appeal.